**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:23-cv-00216-FDW-SCR**

| | | |
|---|---|---|
| LIVE COMPLIANCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| PATH INTEGRATED HEALTHCARE, | ) | |
| LLC, and, BLACK CLIFF PARTNERS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER comes now before the Court on Defendant Path Integrated Healthcare, LLC, and Defendant Black Cliffs Partners, LLC's ("Defendants") Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction, (Doc. No. 8), filed April 21, 2023.

This motion has been fully briefed and is ripe for review. Having reviewed and considered the written arguments and applicable authority, and for the reasons stated below, Defendants' Motion to Dismiss is DENIED, and the Court TRANSFERS the case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406(a).

## I.     BACKGROUND

Defendants move for the Court to dismiss the case for lack of personal jurisdiction, claiming this Court does not have personal jurisdiction over Defendants. Plaintiff Live Compliance, LLC ("Live Compliance") is a limited liability company organized under the laws of North Carolina with its principal place of business in North Carolina. Defendant Path Integrated Healthcare, LLC ("Path") is a limited liability company organized under the laws of Ohio, with its principal place of business in Utah. Defendant Black Cliffs Partners, LLC ("Black Cliffs") is a

1

limited liability company organized under the laws of Utah with its principal place of business in Utah. According to Black Cliffs' website, Black Cliffs is an investment company and Path is one of the businesses in its portfolio. Path provides healthcare services in Utah and Ohio.

On June 15, 2021, Path entered into a service agreement ("Contract") with Plaintiff for Plaintiff to provide Health Insurance Portability and Accountability Act ("HIPPA") training services to Path locations. Under the Contract, Plaintiff provided the HIPPA training services remotely to Path locations in Utah and Ohio. The Contract's terms and conditions, incorporated into the Contract from Plaintiff's website, call for exclusive jurisdiction in the state and federal courts of Delaware. On July 11, 2022, after becoming dissatisfied with Plaintiff's services, Path attempted to terminate the contract and promised only to pay for Plaintiff's services at one Path location.

On March 10, 2023, Plaintiff filed this case in Mecklenburg County Superior Court and asserted claims of breach of contract and unjust enrichment against Path. Plaintiff also asserted a claim of tortious interference with contract against Black Cliffs. Defendants filed a Notice of Removal to this Court on grounds of complete diversity of citizenship jurisdiction under 28 U.S.C. § 1332, then moved to dismiss for lack of personal jurisdiction.

Defendants argue dismissal is appropriate because Defendants are Utah limited liability companies with principal places of business in Utah and Ohio, and the companies have no connections to North Carolina other than Path's Contract with Plaintiff. However, the Court finds transferring the case to the District of Delaware, *sua sponte* pursuant to 28 U.S.C. § 1406(a), is appropriate because the Contract's terms and conditions provide for exclusive jurisdiction in Delaware.

2

## II.     STANDARD OF REVIEW

Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court can consider, *sua sponte*, the possibility of transfer pursuant to 28 U.S.C. § 1406(a), notwithstanding the Court's lack of personal jurisdiction.[1] See Feller v. Brock, 802 F.2d 722, 729 n. 7 (4th Cir. 1986) (citing 15 C. Wright, A. Willer, E. Cooper, Federal Practice and Procedure § 3844 at 329–30 (1986)); see also Trujillo v. Williams, 465 F.3d 1210 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."); Caldwell v. Palmetto State Savings Bank, 811 F.2d 916 (5th Cir. 1987) ("Under the transfer statute, a district court may transfer a case upon a motion or *sua sponte*."). The Fourth Circuit in Porter v. Groat, 840 F.2d 255 (4th Cir. 1988), provides:

> We adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.

Id. at 258.

---

[1] Although both 1404(a) and 1406(a) provide the court the ability to transfer a case, the distinction between the two sections is critical. "Following a 1404(a) transfer, the state law of the transferor remains controlling, while after a 1406(a) transfer, the state law of the transferee court controls." Global Crossing Telecom. v. World Connection Grp., 287 F.Supp.2d 760 (E.D. Mich. 2003) (citing Martin v. Stokes, 623 F.2d 469, 472–73 (6th Cir. 1980)); Ferens v. John Deere Co., 494 U.S. 516 (1990). Here, 1404(a) does not apply because venue is not proper in North Carolina under the Contract. Thus, the only way to transfer this case is through application of 1406(a), which applies where venue may be lacking.

## III. ANALYSIS

Defendants assert the Contract's terms and conditions incorporated from Plaintiff's website provide for exclusive jurisdiction in Delaware. Plaintiff did not attach the Contract's terms and conditions incorporated from Plaintiff's website in its Complaint (Doc. No. 1–1), but Defendants attached it as Exhibit 1 to its Memorandum in Support of Defendants' Motion to Dismiss. (Doc. No. 9–1).[2] The Court finds the terms and conditions valid, and therefore transfer is proper.

"It is well settled that a valid forum-selection clause may 'act as a waiver to objections to personal jurisdiction.'" Celanese Acetate, LLC v. Lexcor, Ltd., 632 F.Supp.2d 544, 547 (W.D.N.C. July 8, 2009) ((citing Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 282 n. 11 (4th Cir. 2009) (citing Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–16 (1964)). A forum-selection clause is presumed to be valid, but it may be challenged. See Allen v. Lloyd's of London, 94 F.3d 923 (4th Cir. 1996).[3] "When construing forum selection clauses, federal courts have found dispositive the particular language of the clause and whether it authorizes another forum as an alternative to the forum of the litigation or whether it makes the designated forum exclusive." Albemarle Corp. v. AstraZeneca U.K., Ltd., 628 F.3d 643, 650 (4th Cir. 2010); see also IntraComm, Inc. v. Bajaj, 492 F.3d 285, 290 (4th Cir. 2007) (ruling that a clause providing that either party "shall be free" to pursue its rights in a specified court did not preclude jurisdiction or

---

[2] Generally, in resolving a motion pursuant to Rule 12(b)(6) or Rule 12(c), a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment. Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (citing Fed. R. Civ. P. 12(d)). A court may, however, consider a "written instrument" attached as an exhibit to a pleading, see Fed. R. Civ. P. 10(c), "as well as [documents] attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Rule 10(c) states, "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court finds the terms and conditions of the Contract attached to Defendants' motion are "integral to the complaint and authentic," and therefore considered valid. Philips, 572 F.3d at 180.

[3] Allen includes four ways a plaintiff may challenge the validity of a forum selection clause, but as discussed below, Plaintiff does not challenge the validity of the Contract's forum selection clause.

4

venue in the forum court). The Fourth Circuit said in <u>IntraComm</u>, "A general maxim in interpreting

forum selection clauses is that 'an agreement conferring jurisdiction in one forum will not be

interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion.'"

<u>IntraComm</u>, 492 F.3d at 290 (<u>quoting</u> <u>John Boutari & Son, Wines & Spirits, S.A. v. Attiki

Importers & Distributors Inc.</u>, 22 F.3d 51, 53 (2nd Cir. 1994)).

Defendants argue when Path and Plaintiff entered the Contract, the terms and conditions

incorporated into the Contract from Plaintiff's website provided:

> **Applicable Laws; Jurisdiction**
>
> This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to applicable principles of conflicts of law to the extent that the application of the laws of another jurisdiction would be required thereby. *In case of any dispute related to this Agreement, the parties agree to submit to personal jurisdiction in the State of Delaware. Furthermore, the parties hereby irrevocably and unconditionally submit to the exclusive jurisdiction of any court of the State of Delaware or any federal court sitting in the State of Delaware for purposes of any suit, action or other proceeding arising out of this Agreement.*

(Doc. No. 9–2, p. 8) (emphasis added). ("Jurisdiction Clause").[4]

Plaintiff's response in opposition to Defendants' motion to dismiss does not address the

Jurisdiction Clause providing for jurisdiction in Delaware. Plaintiff does not dispute whether the

Jurisdiction Clause is incorporated into the Contract, nor does Plaintiff dispute whether the

Jurisdiction Clause is valid or exists. Plaintiff instead argues this Court has personal jurisdiction

---

[4] The Contract also permits Plaintiff to "change, modify, add or remove," any terms and conditions at Plaintiff's sole discretion. (Doc. No. 9–2, at 7). At the time of execution and as of August 15, 2022, more than a month after Defendants' alleged breach on July 11, 2022, the Jurisdiction Clause provided for exclusive jurisdiction in Delaware. However, Defendants note that sometime on or before April 21, 2023, but after August 15, 2022, Plaintiff changed the Jurisdiction Clause to provide for exclusive jurisdiction in North Carolina. (Doc. No. 9–3, p. 3). Since Plaintiff does not dispute whether the Jurisdiction Clause requires jurisdiction in Delaware, or argue the modified Jurisdiction Clause requires jurisdiction in North Carolina, the Court gives effect to the Contract's language requiring exclusive jurisdiction in Delaware.

over Defendants without mentioning or responding to Defendants assertions about the Jurisdiction Clause. Since the Contract's Jurisdiction Clause is unchallenged, it is "presumed to be valid." Allen, 94 F.3d at 928. Therefore, since Plaintiff and Defendant "irrevocably and unconditionally submit to the exclusive jurisdiction of any court of the State of Delaware or any federal court sitting in the State of Delaware," (Doc. No. 9–2, p. 8), the Court finds the Jurisdiction Clause "contains specific language of exclusion" warranting transfer of this case to Delaware. IntraComm, 492 F.3d at 290.

This Court is authorized to "transfer . . . a case to any district," when there is an "impediment to a decision on the merits in the transferor district," such as the impediment caused by the Jurisdiction Clause here. Porter, 840 F.2d at 258. Transfer "would not be an impediment" in Delaware, since the Jurisdiction Clause provides for exclusive jurisdiction in Delaware and venue would be proper "if the case were originally brought there." Id. Therefore, the Court finds it "in the interest of justice" to transfer the case to the District of Delaware. 28 U.S.C. § 1406(a).

Since the Court may transfer the case without personal jurisdiction over the Defendants, this Court need not determine whether it would have personal jurisdiction over the Defendants. See Feller, 802 F.2d at 729 n. 7. Transfer is proper, and this Court will not engage in unnecessary speculation.

## IV.    CONCLUSION

Because Plaintiff and Defendant agreed to exclusive jurisdiction in Delaware under the Contract, the Court transfers the case to the District of Delaware "in the interest of justice." 28 U.S.C. § 1406(a). This Court is of limited jurisdiction, and when parties promise to exclusively submit themselves to the courts of another jurisdiction, transfer of the case is proper.

6

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss, (Doc. No. 8), is DENIED, and the case is TRANSFERRED to the District of Delaware pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

Signed: June 5, 2023

Frank D. Whitney
United States District Judge

7